IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON T. JONES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-1258 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| CATHERINE MCVEY, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**

Aaron T. Jones is a state prisoner who has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. Jones asserts that he was improperly denied parole by the Pennsylvania Board of Probation and Parole ("Board"). More specifically, Jones asserts that prison personnel have initiated fabricated misconduct reports in retaliation for prior lawsuit he filed, and have misled him about programs he was required to complete, and that these actions have negatively affected the Board's decision.

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D.Pa. 2000); Rogers v. Pa. Bd. of Probation and Parole, 555 Pa. 285 (1999). Jones cannot establish that he has a liberty interest in parole, and, therefore, he has not established a violation of a protected procedural due process right.

The United States Court of Appeals for the Third Circuit has, however, held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980); see also, Rauso, 79 F. Supp.2d at 551. A substantive due process analysis is applied to claims raised under Block.

The Supreme Court has stated that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (quoting Perry v. Sindermann, 408 U.S. 593, 597 (1972)). For example, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights. Burkett, 89 F.3d at 140.

Pennsylvania law grants the Board broad discretion to refuse or deny parole. The Board is authorized:

> To release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the [B]oard ... whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.

61 Pa. Cons. Stat. Ann. § 331.21(a). The Board may permissibly consider a broad range of factors in making its determination, including:

> ... the nature and circumstances of the offense committed ... the general character and background of the prisoner ... the conduct of the person while in prison and his physical, mental and behavior condition and history ....

61 Pa. Cons. Stat. Ann. § 331.19.

Here, Jones does not argue that the Board itself acted in retaliation for his prior lawsuit, but instead argues that information properly within the Board's consideration (i.e., his conduct while in prison) was manufactured by prison personnel who were acting with a retaliatory motive.  In this respect, Jones does not allege that any member of the Board acted with an improper motive, or that it was itself influenced by Jones's prior lawsuit.  Jones has failed to establish a "causal link between his previous lawsuits and his parole revocation" as is necessary to make out a retaliation claim.  Razzoli v. FCI Allenwood, 200 Fed.Appx. 166, 168 (3d Cir. 2006), citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); see also Peeks v. Commonwealth of Pennsylvania, 2007 WL 1500036 (W.D.Pa., May 21, 2007) (Conti, J.) (allegation that prison personnel retaliated against petitioner for prior lawsuit not sufficient to establish causal connection with Parole Board's decision to deny parole).  Therefore, Jones has not established that he was denied parole for an improper reason.

Jones also asserts that Board simply got some things wrong in making its decision, e.g., Jones argues that the Board erred in concluding that he showed no motivation for success (Doc. 5, p. 8).  This Court is "not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).  Here, the Board listed several factors in making its decision, all of which are properly within its discretion to consider, and it clearly had "some basis" for its decision.

AND NOW, this 22nd day of January, 2010,

IT IS HEREBY ORDRED that the instant Petition for Writ of Habeas Corpus filed by Aaron Jones is DISMISSED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED because Jones failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Conduct Discovery (Doc. 18) is DENIED.  Petitioner seeks to establish that prison records provided to the Board were "not consistent" with his actual record as an inmate.  This is irrelevant to the issue of whether the Board acted with an improper motive.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File a Supplemental Petition (Doc. 19) is DENIED since Petitioner seeks only to establish that prison personnel are continuing to retaliate against him.  As noted above, such allegations, even if true, do not entitle Petitioner to relief with respect to the Board's decision to deny him parole.

        s/Cathy Bissoon
        Cathy Bissoon
        United States Magistrate Judge

cc:
AARON T. JONES
GN-0629
S.C.I. Fayette
Box 9999
LaBelle, PA 15450-0999